[36 NYS3d 709]

In the Matter of CHARLES A. PETITTO (Admitted as CHARLES ANGELO PETITTO), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 24, 2016

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated June 30, 2015, which contained one charge of professional misconduct. Following a hearing held on November 5, 2015, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee and for imposition of such discipline as the Court deems just and appropriate. Although served with a copy of the motion, the respondent has neither submitted any papers in response nor asked for additional time in which to do so.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as an attorney, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). On August 20, 2014, the respondent pleaded guilty to three counts of a 33-count indictment before the Honorable Danny K. Chun, in the Supreme Court, Kings County. Specifically, he pleaded guilty to one count of strangulation in the second degree as a hate crime, in violation of Penal Law §§ 121.12 and 485.05 (1) (b), a class C felony, and two counts of menacing in the third degree as a hate crime, in violation of Penal Law §§ 120.15 and 485.05 (1) (b), a class A misdemeanor. The respondent entered his plea subject to the following conditions: he was required to complete a 12-week anger management program, perform 60 days of community service, and apologize on the record to the two complaining witnesses.

On December 15, 2014, after being informed that the respondent had successfully completed these conditions, Justice Chun allowed the respondent to withdraw his plea to the count of strangulation in the second degree as a hate crime, and sentenced him on the two counts of menacing in the third degree as a hate crime. The court sentenced him to a one-year conditional discharge, imposed a $175 surcharge, a $50 DNA fee, and a crime victims assessment fee of $25, and issued a five-year order of protection.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In mitigation, the respondent testified at the disciplinary hearing to an earlier incident during which he was assaulted. He claimed that as a result of this earlier incident he suffers from post-traumatic stress disorder, a condition which allegedly contributed to his criminal conduct. The respondent, however, failed to offer any medical documentation or testimony by a medical expert to support his claim. In the absence of any supporting medical evidence, the Special Referee did not credit the respondent's claim. No other mitigating evidence was presented.

At the time of the hearing, the respondent had no prior disciplinary history. We note, however, that a separate disciplinary proceeding was commenced against the respondent by order to show cause dated January 12, 2016, under Appellate Division docket No. 2016-00437. In that proceeding, by decision and order on motion dated April 25, 2016 (2016 NY Slip Op 71411[U]), this Court immediately suspended the respondent pursuant to 22 NYCRR 691.4 (l) (1) (i) and (iii), finding that he constituted an immediate threat to the public based on evidence that he failed to submit answers to three complaints of professional misconduct filed against him, failed to comply with the Grievance Committee's investigation, and misappropriated client funds.

In view of the nature of the criminal conduct in this matter, particularly, the hate crime element of the respondent's conviction, and the absence of any credible mitigating factors, we find that a suspension from the practice of law for two years is warranted.

ENG, P.J., MASTRO, RIVERA, DILLON and COHEN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Charles A. Petitto, admitted as Charles Angelo Petitto, is suspended from the practice of law for a period of two years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement until the expiration of said period and until the disciplinary proceeding authorized by the decision and order on motion of this Court dated April 25, 2016, under

Appellate Division docket No. 2016-00437, has been completed. In such application, the respondent shall furnish satisfactory proof (1) that during the said period he refrained from practicing or attempting to practice law, (2) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Charles A. Petitto, admitted as Charles Angelo Petitto, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Charles A. Petitto, admitted as Charles Angelo Petitto, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Charles A. Petitto, admitted as Charles Angelo Petitto, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).